IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ricky Grate, | ) | |
| | ) | C/A No. 1:20-cv-1787-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Barnes, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Respondent's motion for summary judgment (ECF No. 26) as to *pro se* Petitioner Ricky Grate's ("Grate") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. The magistrate judge filed a Report and Recommendation ("Report") recommending that this court dismiss Grate's § 2241 petition without prejudice for lack of jurisdiction and deny Respondent's motion for summary judgment as moot. (ECF No. 35 at 15). Grate has not filed objections to the Report, and the time for doing so has expired. Accordingly, the matter is ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident*

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Since Grate filed his petition *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. Background/Procedural History

In the Report, the magistrate judge thoroughly summarized the procedural history and background of this case. (ECF No. 35 at 1–4). The court incorporates the factual and procedural summary set forth in the Report and, therefore, need not recount it at length here. Briefly, in 2014, Grate pled guilty in the United States District Court for the Eastern District of Tennessee to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(e), and to distributing a quantity of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(c)(1)(C).[1] The sentencing court classified Grate as an armed career criminal and imposed a sentence of 180 months as to each count, to be served concurrently. (ECF No. 26-5 at 3). Under the terms of the plea agreement, Grate admitted that "[a]t the time of the incident, the defendant was a previously-convicted felon" and acknowledged several specific felony convictions on his record that each resulted in a sentence

---

[1] The two counts of conviction were charged in separate cases which were not consolidated; however, Grate pled guilty to both counts as part of the same plea agreement. (ECF No. 35 at 2).

2

of at least one year. (ECF No. 26-3 at 3–4). The plea agreement provided that Grate "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence" except to raise ineffective assistance or prosecutorial misconduct claims. *Id*. at 7–8. Grate also acknowledged during the plea colloquy that he was waiving the right to appeal or bring a collateral challenge to his convictions and sentence. (ECF No. 26-4 at 8). Nonetheless, Grate sought to vacate his sentence pursuant to § 2255, unsuccessfully challenging his ACCA sentencing enhancement under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Grate v. United States*, No. 3:13-CR-103, 2017 WL 52599, at *3 (E.D. Tenn. Jan. 4, 2017) (denying relief and dismissing petition), *certificate of appealability denied*, No. 17-5116, 2017 WL 3399774, at *2 (6th Cir. Aug. 1, 2017).

Grate now seeks habeas relief from this court pursuant to 28 U.S.C. § 2241, contending that his § 922(g) conviction is no longer valid under *Rehaif v. United States*, 129 S. Ct. 2191 (2019). (ECF No. 1). Respondent filed a motion for summary judgment on the grounds that Grate waived the right to collaterally attack his conviction and cannot establish a reasonable probability that he would not have pleaded guilty but for the *Rehaif* error. (ECF No. 26-1 at 6–9). In response, Grate cites *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, No. 20-444, 2021 WL 77245, at *1 (U.S. Jan. 8, 2021), for the proposition that a *Rehaif* error is structural and, therefore, voids his plea agreement. (ECF No. 32).  Respondent filed a reply, contending that *Gary* is inapplicable here because the substantive law of the circuit of conviction—the Sixth Circuit in this case—applies. (ECF No. 33).

## II. Report of the Magistrate Judge

The magistrate judge correctly noted that Grate cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, which requires him to

demonstrate that the relief available under § 2255 is "inadequate or ineffective to test the legality of his detention." (ECF No. 35 at 7). *See* 28 U.S.C. § 2255(e). The savings clause is a "jurisdictional provision," and, accordingly, this court is without jurisdiction to rule on a § 2241 petition if such a showing is not made. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). It is well-settled in this circuit that to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a petitioner must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Subsequently, the Fourth Circuit articulated a four-part test for determining whether § 2255 is "inadequate or ineffective" to raise challenges to sentencing errors:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> *3 (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.

As the magistrate judge observed, "[i]n evaluating substantive claims under the savings clause," a district court must "'look to the substantive law of the circuit where a defendant was convicted.'" (ECF No. 35 at 8) (quoting *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019)). The

4

applicable "procedural law," however, is that of the district court's home circuit. *Hahn*, 931 F.3d at 301. Because Grate was convicted in the Eastern District of Tennessee, the magistrate judge applied the substantive law of the Sixth Circuit. (ECF No. 35 at 8).

The magistrate judge determined that Grate can satisfy the first and third prongs of the *Jones* savings clause test. (ECF No. 35 at 8). However, the magistrate judge concluded that, based on Sixth Circuit precedent, Grate cannot satisfy the second prong of the *Jones* test, which requires a showing that "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal," 226 F.3d at 334. (ECF No. 35 at 9, 14).[2] The magistrate judge cited Sixth Circuit precedent that reads *Rehaif* to require the government to establish only that "defendant knew of his prohibited status, not [that] a defendant knew that he was specifically prohibited from possessing a firearm." *Id*. at 12 n.5; *see United States v. Garrison*, No. 19-5753, 2020 WL 7705669, at *11 (6th Cir. Dec. 29, 2020) (explaining that "where there is clear evidence in the record from which to infer that the defendant *knew he was a felon*, failure to instruct the jury [on the *Rehaif* knowledge element] does not affect the defendant's substantial rights or the fairness or integrity of the proceedings" (emphasis added)). The magistrate judge further noted that courts in the Sixth Circuit have rejected *Rehaif* arguments on habeas review where a defendant's knowledge of his status could be inferred from his stipulation to prior felony convictions. (ECF No. 35 at 9–10 n.3). Therefore, the magistrate judge concluded that because Grate cannot satisfy the second prong of *Jones*, this court lacks jurisdiction to entertain his petition under § 2241.

---

[2] The magistrate judge reached this conclusion despite Respondent's position that Grate can meet all three prongs of the savings clause under *Jones*. (ECF No. 26-1 at 3–6). But, Respondent also contends that, nevertheless, Grate is not entitled to relief because he waived collateral attack and because he cannot prove a *Rehaif* error had a substantial or injurious effect on the outcome of the proceedings. *Id*. at 6–9.

Alternatively, the magistrate judge concluded that even if Grate could meet the savings clause requirement as articulated in *Jones*, two additional bases preclude Grate from obtaining relief under § 2241. First, Grate, as part of his plea agreement, waived his right to bring a collateral challenge to his convictions and sentence. (ECF No. 35 at 10).  The Report noted that "the Sixth Circuit has held a change in law cannot render a plea agreement unknowing" and that district courts in the Sixth Circuit have consistently concluded that "a waiver provision in a plea agreement bars a *Rehaif*-based collateral attack." *Id*. at 10–11 (internal quotation marks omitted). Second, the magistrate judge concluded that Grate cannot demonstrate that "there is a reasonable probability that he would not have entered a guilty plea if he had been advised of the *Rehaif* knowledge-of-status requirement," citing to Sixth Circuit precedent holding that a *Rehaif* error is amendable to plain error review and rejecting that such an error is structural. *Id*. at 13-14 (citing *United States v. Hobbs*, 953 F.3d 853, 857 (6th Cir. 2020) (requiring defendant to demonstrate "a reasonable probability that, but for the alleged failure to inform him of the knowledge-of-status element, he would not have entered the plea"), *petition for cert. filed*, (U.S. Aug. 17, 2020) (No. 20-171); *United States v. Watson*, 820 F. App'x 397, 400 (6th Cir. 2020) (noting that the Sixth Circuit has "nowhere suggested" that a *Rehaif* error "could qualify as structural"), *petition for cert. filed*, (U.S. Oct. 22, 2020) (No. 20-6109)).[3]  The magistrate judge observed that Grate does not argue that he did not know he was a felon at the time he possessed the firearm, but, in fact, admitted at the plea

---

[3] Accordingly, Sixth Circuit precedent appears to be at odds with Fourth Circuit precedent. *See United States v. Gary*, 954 F.3d 194, 198 (4th Cir. 2020) (holding that *Rehaif* error is structural in the plea context), *cert. granted*, No. 20-444, 2021 WL 77245 (U.S. Jan. 8, 2021). Because this court must apply the substantive law of the Sixth Circuit in this case, the magistrate judge rejected Grate's reliance on *Gary* and *United States v. Lockhart*, 947 F.3d 187, 192 (4th Cir. 2020). (ECF No. 35 at 14).

colloquy that he had multiple felony convictions at the time of the incident in question. (ECF No. 35 at 12).

### III. Conclusion

Because Grate did not file objections, the court reviews the Report for clear error. *Diamond*, 416 F.3d at 315. After careful review of the thorough Report and the record in this case, the court adopts the Report (ECF No. 35) and incorporates it herein. *See, e.g., Capalbo v. Antonelli*, No. 1:19-cv-1946-TMC, 2020 WL 3496641, at *1 (D.S.C. June 29, 2020) (dismissing for lack of jurisdiction § 2241 petition challenging plea based on *Rehaif*), *aff'd*, No. 20-7063, 2020 WL 7861190 (4th Cir. Dec. 31, 2020). Accordingly, the court **DISMISSES** Grate's § 2241 petition (ECF No. 1) without prejudice for lack of jurisdiction. Respondent's motion for summary judgment is denied as moot. (ECF No. 26).

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 20, 2021